UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 10-cv-1714 (JFB)(GRB)

———————————

SAMUEL TUCCIO,

Plaintiff,

VERSUS

U.S. SECURITY ASSOCIATES INC.,

Defendant.

———————————

**ORDER ADOPTING REPORT AND RECOMMENDATION**
April 17, 2013

———————————

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff Samuel Tuccio ("plaintiff" or "Tuccio") brought this action against U.S. Security Associates Inc. ("defendant"), alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 *et seq.* Defendant subsequently filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

On February 27, 2013, Magistrate Judge Brown issued a Report and Recommendation ("R&R"), recommending that defendant's motion for summary judgment be granted in its entirety. By Order dated March 18, 2013, this Court adopted the R&R in its entirety, thereby granting defendant's motion for summary judgment and directing the Clerk of the Court to enter judgment accordingly and close this case.

After the Court issued its March 18, 2013 Order adopting the R&R, however, it received plaintiff's objections to the R&R. By Order dated March 20, 2013, the Court informed the parties that it would consider plaintiff's written objections. The Court also provided defendant with an opportunity to respond to plaintiff's objections. Defendant subsequently filed a letter with the Court, dated April 4, 2013, responding to plaintiff's objections to the R&R. Thus, notwithstanding the March 18, 2013 Order, the Court is considering the matter *de novo*.

For the reasons that follow, having considered the parties' submissions, as well as having reviewed the entire R&R *de novo* (with plaintiff's objections), the Court adopts Judge Brown's thorough and well-reasoned R&R in its entirety.

## I. Procedural History

Plaintiff filed his complaint on April 14, 2010. On July 8, 2010, defendant filed a motion to dismiss the complaint. Plaintiff filed an opposition to defendant's motion to dismiss on August 9, 2010, and defendant filed a reply in further support of its motion on August 23, 2010. On February 8, 2011, the Court held oral argument on defendant's motion and orally denied defendant's motion to dismiss the complaint. The case proceeded to discovery under the direction and Magistrate Judge Lindsay, and defendant filed an answer to the complaint on February 18, 2011. On November 18, 2011, Magistrate Judge Brown was added to the case and, from that point on, handled discovery.

On May 15, 2012, defendant filed a motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff filed a declaration in opposition to defendant's motion on June 15, 2012, and defendant filed a reply in further support of its motion for summary judgment on June 29, 2012. By Order dated October 16, 2012, the Court referred the motion for summary judgment to Magistrate Judge Brown for a Report and Recommendation.

On February 27, 2013, Magistrate Judge Brown issued an R&R, recommending that defendant's motion for summary judgment be granted in its entirety. By Order dated March 18, 2013, this Court adopted Magistrate Judge Brown's R&R in its entirety, thereby granting defendant's motion for summary judgment and directing the Clerk of Court to enter judgment accordingly and close the case.

The Court received plaintiff's objections to the R&R one day after it issued its Order adopting the R&R. Accordingly, by Order dated March 20, 2013, the Court informed the parties that it would consider plaintiff's objections. The Court also directed defendant to respond to plaintiff's objections, if it wished to do so, no later than April 4, 2013. By letter dated April 4, 2013, defendant responded to plaintiff's objections. The Court has fully considered the parties' submissions *de novo*.

## II. Standard of Review

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objection" is made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *Santana v. United States*, 476 F. Supp. 2d 300, 302 (S.D.N.Y. 2007); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). When "a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review." *Jeffries v. Verizon*, 10-CV-2686 (JFB)(AKT), 2012 WL 4344188, at *1 (E.D.N.Y. Sept. 21, 2012); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

### III. Plaintiff's Objections

Plaintiff objects to the R&R with respect to its recommendation that the Court grant defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure because (1) plaintiff did not establish a *prima facie* case that the defendant discriminated against him based on race, and (2) in any event, defendant provided a legitimate, non-pretextual reason for plaintiff's termination and plaintiff failed to set forth any evidence to rebut defendant's basis for the termination.

Plaintiff claims that the R&R is "arbitrary and capricious." (*See* Pl.'s Objections at 1.) However, plaintiff does not point to any evidence which undermines the factual or legal conclusions reached by Magistrate Judge Brown in his R&R. Instead, plaintiff calls the Court's attention to a host of exhibits that do not serve to further his position in this case. As Magistrate Judge Brown correctly concluded after a thorough review of the record, plaintiff has set forth no evidence that his removal from the North Shore LIJ Complex was motivated by his race; rather, the uncontroverted evidence demonstrates that plaintiff was terminated because of the February 2, 2009 parking garage incident. In short, given the uncontroverted facts in the record, no rational jury could find that the termination was motivated by race.

The Court has conducted a *de novo* the R&R in its entirety, and it adopts the R&R in all respects.

### IV. Conclusion

Having conducted a *de novo* review of the R&R, and having considered the parties' additional submissions, the Court again adopts the R&R, recommending that defendant's motion for summary judgment be granted, in its entirety. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith; therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: April 17, 2013
Central Islip, NY

\* \* \*

The plaintiff proceeds *pro se*. Defendant is represented by Elana Gilaad and Philip K. Davidoff of Ford & Harrison LLP, 100 Park Avenue, Suite 2500, New York, N.Y. 10017.